IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15-CR-3132 |
| vs. | |
| FRANK L. TONINI, | AMENDED ORDER |
| Defendant. | |

  This matter is before the Court on the government's motion (filing 46) for a presentence study of the defendant pursuant to 18 U.S.C. § 3552(b) and (c). The defendant does not oppose the motion. *See* filing 48. Being fully advised in the premises, the Court will grant the government's motion.

  In preparation for sentencing, the defendant has submitted a report from his mental health treatment provider opining on his mental condition, particularly as it relates to his suitability for imprisonment, and whether his mental health needs would be met in the type of custody that his mental health treatment provider thinks would be necessary for his well-being. *See* filing 45. The Court agrees with the government that for purposes of sentencing, the Court should also be advised by the Bureau of Prisons. The Court specifically finds, pursuant to § 3552(b), that there is a compelling reason for the study to be performed by the Bureau of Prisons.

  IT IS ORDERED:

1. The government's motion for a Bureau of Prisons Presentencing Study (filing 46) is granted.

2. Pursuant to 18 U.S.C. § 3552(b) and (c) and 18 U.S.C. § 4244(b), the Bureau of Prisons shall evaluate the defendant and advise the Court, in writing, regarding:

   a. The defendant's present mental condition;

   b. The defendant's likely ability to function in a prison environment;

    c.    Whether the Bureau of Prisons can provide the defendant with appropriate mental health treatment if he is incarcerated, including consideration of whether such treatment would be available if the defendant's condition requires him to be kept in protective custody;

    d.    The sentencing alternatives that could best accord the defendant the kind of treatment he needs; and

    e.    Any other matters that the Bureau of Prisons believes to be pertinent to the factors set forth in 18 U.S.C. § 3553(a).

3. The Bureau of Prisons' report shall be completed within the time provided by § 3552(b), including reasonable extensions of time.

4. At a date and time specified by the Bureau of Prisons **on or after October 9, 2016**, the defendant shall self-surrender, at his own costs, to the place designated by the Bureau of Prisons for the study. After that, the Bureau of Prisons shall detain the defendant for such time as is necessary to complete its evaluation of him. Upon completion of the evaluation, the Bureau of Prisons shall release the defendant.

5. Mindy Bare, the U.S. Probation and Pretrial Services officer assigned to monitor the defendant's pretrial release, and Sandra Foster, the U.S. Probation and Pretrial Services officer assigned who prepared the presentence report, shall jointly gather all the pertinent mental health and medical records, together with the presentence report, and provide them to the Bureau of Prisons. Such records shall include the opinion letter authored by the defendant's mental health treatment provider (filing 45). Furthermore, those officers shall coordinate this case and see to it that the aforementioned evaluation and report is completed and submitted to the Court in a timely manner.

6. The United States Marshal shall advise the Bureau of Prisons of this order, obtain the designation of when and

    where the evaluation will be conducted, and communicate that information to the defendant, his counsel, and the Office of Probation and Pretrial Services.

7. Copies of this order shall be provided to counsel of record, the United States Marshal, and the Office of Probation and Pretrial Services.

8. Upon receipt of the report from the Bureau of Prisons, the Court will enter an order scheduling a sentencing hearing.

Dated this 14th day of September, 2016.

                BY THE COURT:

                *John M. Gerrard* (signature)
                John M. Gerrard
                United States District Judge